IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RANDY MEDLOCK**                                                                                      **PLAINTIFF**

v.                                    Case No. 4:23-cv-01157-KGB

**STATE OF ARKANSAS**, *et al.*                                                            **DEFENDANTS**

**ORDER**

Before the Court are plaintiff Randy Medlock's motion for leave to proceed *in forma pauperis* and his complaint (Dkt. Nos. 1; 2). Also before the Court are three motions for bench judgment and a motion for summary judgment filed by Mr. Medlock (Dkt. Nos. 3–6). For the reasons discussed in this Order, the Court directs Mr. Medlock to file a new motion to proceed *in forma pauperis*, denies without prejudice his current motion to proceed *in forma pauperis* (Dkt. No. 1), and denies without prejudice his remaining motions for bench judgment and summary judgment (Dkt. Nos. 3–6).

I.     *In Forma Pauperis* Application

Plaintiff Randy Medlock was in the Crittenden County Detention Facility when he filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the State of Arkansas, the Crittenden County Sheriff's Department, and Crittenden County Lieutenant Garrett (Dkt. No. 2). Based on Mr. Medlock's state criminal docket sheet from the Crittenden County, Arkansas, case, it appears that Mr. Medlock was released from the Crittenden County Detention Center on May 14, 2024, having been granted bond. *See State v. Madlock*, 18CR-23-584 (Crittenden County) (Order of Pretrial Release) (Mr. Medlock references his pending criminal charges in his current complaint, confirming the alternative spelling of his last name (Dkt. No. 2, at 38)). Mr. Medlock's criminal trial is scheduled to be held on August 12-16, 2024, in Crittenden County, Arkansas. *Id.*

(Scheduling Order). Mr. Medlock's pending motion for leave to proceed *in forma pauperis* was filed when Mr. Medlock was detained in the Crittenden County Detention Center (Dkt. No. 1).

On June 10, 2023, July 8, 2024, August 1, 2024, and August 15, 2024, Mr. Medlock filed notices of change of address (Dkt. Nos. 10–13). The Court understands from the addresses Mr. Medlock provided that Mr. Medlock was then incarcerated in the Shelby County Jail. However, mail recently sent to Mr. Medlock at this address was returned as undeliverable (Dkt. No. 14).

When a plaintiff is released from confinement, the Court's policy is to require re-submission of affidavits to determine whether the plaintiff should be required to pay all, or a portion of, the fees and costs of the lawsuit. Under the circumstances of this case, the Court denies without prejudice Mr. Medlock's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).

Within 30 days of the entry of this Order, Mr. Medlock must either: (1) pay the $350.00 filing fee in full or (2) resubmit an *in forma pauperis* application which reflects his current financial status in the free world or at his current incarcerating facility. If Mr. Medlock does not pay the filing fee or submit an *in forma pauperis* application that complies with this Court's Order within 30 days, this action will be dismissed without prejudice.

II.   **Current Address**

Within 30 days of the entry of this Order, Mr. Medlock must inform the Court of his current address. *See* Local Rule 5.5(c)(2) of the *Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas*. Failure to do so may result in Mr. Medlock's case being dismissed without prejudice.

Local Rule 5.5(c)(2) provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her

address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

### III.   Other Motions

Mr. Medlock has also filed a motion for summary judgment and three motions for bench judgment (Dkt. Nos. 3-6). These motions are premature, as Mr. Medlock's complaint has not yet been served on any defendant. The Court therefore denies without prejudice Mr. Medlock's motion for summary judgment and motions for bench judgment (*Id.*). Should Mr. Medlock's complaint survive screening, the surviving claims will be served, a scheduling order will issue, and Mr. Medlock may refile dispositive motions.

### IV.   Conclusion

For the foregoing reasons, the Court denies Mr. Medlock's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). Within 30 days of the entry of this Order, Mr. Medlock must either: (1) pay the $405.00 filing fee in full or (2) resubmit an *in forma pauperis* application which reflects his current financial status in the free world or at his current incarcerating facility. The Court directs the Clerk of Court to send Mr. Medlock a free-world and incarcerated person's application to proceed *in forma pauperis*.

Within 30 days of entry of this Order, Mr. Medlock must inform the Court of his current address. Otherwise, his complaint may be dismissed without prejudice. The Court denies without prejudice Mr. Medlock's motions for bench judgment and summary judgment (Dkt. Nos. 3–6).

It is so ordered this 16th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge